FILED
JEANNE A. NAUGHTON, CLERK
APR 22 2019
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY _____

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Adam + Kim Ripa | **DEFENDANTS** Regina Perfetti |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> N/A | **ATTORNEYS** (If Known) <br> Law Offices of Mark W. Ford, LLC <br> 4½ North Broadway, PO Box 110 <br> Gloucester City, NJ 08030 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee    Landlords | **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Regina Perfetti entered into a lease to rent our condo in bad faith. Upon the initiation of eviction proceedings, Regina filed bankruptcy to delay the eviction.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 8,008.33 |
| **Other Relief Sought** | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Regina Perfetti || BANKRUPTCY CASE NO. 18-30798 ||
| DISTRICT IN WHICH CASE IS PENDING NJ || DIVISION OFFICE Camden | NAME OF JUDGE Altenburg |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# Dischargeability of Rent

The defendant, Regina Perfetti(debtor), entered into a lease to rent our condo. I believe she did so in bad faith. On April 2, 2018 Regina sent us a credit report(exhibit A) that was prepared for a different landlord. This credit report showed no credit history and no credit score. Regina told us it was because she owned her own cash business(cleaning houses) and she never used credit cards or banks. Additionally, the credit report showed no history of bankruptcies or evictions. We believed her statements and the report she sent us and used it as a basis for choosing her as a tenant.

Through this process of eviction and bankruptcy we have learned that she has an extensive eviction and bankruptcy history as well as a knowledge of the system and how to work it in her advantage.

She eventually moved out on March 15, 2019 after the judgement for possession was issued in the eviction case.

On March 17, 2019 I went to the condo to change the locks. I was approached by a neighbor who lives at 904 Wharton Rd(she declined to give me her name). She said that she had talked with Regina and had been in the condo several times. She said that she had an understanding that Regina was trouble for us. She said that Regina told her she was being evicted because we had seen the neighbors dog at the condo. The neighbor then stated that Regina said she planned to skip out on rent. I confirmed that she did indeed skip out on rent.

The next day, March 18, 2019, we received a vaguely threatening email(exhibit B) from Regina stating, "i would appreciate if you would stop talking to people about private business matters. It is being documented." We received no response from Regina when I asked for clarification of what I did wrong and what was being documented.

On April 12, 2019 I emailed Regina to ask her for her new address(exhibit C) so that we could contact her about the post petition rent she still owed. She refused and further threatened legal action if we tried to pursue collecting the rent. She claimed the rent was discharged by the bankruptcy court. She offered no proof that it was discharged. I responded on April 17, 2019 to ask if she had any documentation proving it was discharged. She replied on April 17, 2019 stating that the conversion of her case to chapter 7 from chapter 13 makes all of the debt accrued up to the conversion considered pre-petition debt. I did misunderstand that fact before. But she did not answer my question about the debt being discharged.

At the time of writing this statement we have not received any evidence that the debt was discharged. I do not believe that the rent was discharged, because the deadline for me to file this statement challenging the dischargability of her debt is set at April 26, 2019. And the status of her case on PACER is listed as "Awaiting Discharge."

On October 19, 2018 when Regina filed the original chapter 13 petition her debt was $4,692.20. On January 22, 2019 Regina converted her case to Chapter 7. The debt accrued between October 19, 2018 and January 22, 2019 is $3,316.13. These amounts are the pre-petition debts and total $8,008.33. I am asking that this $8,008.33 not be discharged.

After the conversion in January she accrued further debt of $2,089.06.

I will not be able to serve this summons to Regina since she has not provided us a forwarding address but I will serve it on her attorney Mark W. Ford.

*Adam Ripa*     4/19/2019

Adam Ripa

Exhibit A

From: Regina Perfetti gina281035@gmail.com
Date: Apr 2, 2018 at 8:45:17 PM
To: Kripa0722@gmail.com

Hi Kim. Here is the credit report. Let me know if you need clarification on anything and if its clear enough. Thank you

  

3G 36% 4:12 P|

amerusa.com



3665 East Bay Dr #204-183
Largo, FL 33771
(800) 399-9183

### PREPARED EXCLUSIVELY FOR

## LANDLORD: Gina Wynne

**REPORT DATE:** 04/01/2(

### APPLICANT INFORMATION

## APPLICANT NAME: REGINA PERFETTI

**SSN:** Exact match between SSN o and SSN on file

### CREDIT SCORING



Grade

**N/A**

**NO RATING**
Credit Scoring (None)

The rate of future delinquency over the next two years.



87%

.S NO SCORE





Grading Scale Range

According to long-established credit scoring standards, consumers who grade C or below have a delinquency rate ( 51%. This means that for every 100 borrowers in this range approximately 51 will default on a loan, file bankruptcy, or f 90 days past due on at least one account in the next two ye *We only approve or recommend applicants with a rating o GOOD or EXCELLENT. While this scoring model offers no guarantee of a perfect tenancy, it helps minimize the statis probability of a future delinquency.

| RATING DEFINITIONS | | | |
|---|---|---|---|
| RATING | DESCRIPTION | LAST MONTH'S RENT | SECURITY DE |
| EXCELLENT: | Applicant has demonstrated a strong ability to satisfy creditor | (if never late) | Optional |

< Back   > Forward   ⌂ Home   ▯▯ Bookmarks   [8] Tabs

## RATING DEFINITIONS

| RATING | DESCRIPTION | LAST MONTH'S RENT | SECURITY DE... |
|---|---|---|---|
| **EXCELLENT:** | Applicant has demonstrated a strong ability to satisfy creditor obligations. | (if never late) Optional | Optional |
| **GOOD:** | Applicant has demonstrated a good ability to satisfy creditor obligations. | (if never late) Optional | Always Sugge... |
| **FAIR:** | Applicant falls below national average for creditworthiness and may be a credit risk. | Always Suggested | Always Sugge... |
| **POOR:** | Applicant is statistically considered a high risk for future delinquency on existing obligations. | Strongly Suggested + Extra (don't exceed your state limits) | Strongly Sugg... Extra (don't e... your state lim... |

## *What to do when faced with the following results?*

**NO RATING:** Applicant has an insufficient credit history. We recommend that you ask to see cancelled rent che... (if applicable) for most recent 12 months and verify al... personal references.

**NO GRADE:** Report comes back without a credit score. Applicants without a credit score usually have insuffic... credit or no account activity for the past six months.

**NO RECORD:** Report comes back as "no hit" or "no record". This is when the credit bureaus do not have any information on file for your applicant. But don't be alarmed yet - a person can have no credit history for a... of the following reasons:

- The person has never bothered to apply for credit (i credit cards, car loans, mortgages, etc.); their mone basically kept under the mattress.
- The applicant is a young adult, perhaps fresh out of school.
- The information that was inputted into the credit system to request a report was mistakenly entered either because of human error or because the handwritten application was genuinely indecipheral or unintentionally inaccurate. Note: Always double check all "no records."
- The applicant is intentionally trying to deceive you (rare, but it does happen).

If the resulting record was eventually determined not 1 be a human error and is a legitimate record of "no cre( history," then take the following steps:

**Step 1:** Ask the applicant if they have a personal chec or savings account, so you can contact the bank for a reference.



or savings account, so you can contact the bank for a reference.

**Step 2:** Ask for copies of the most recent 12 months worth of cancelled rent checks (especially useful whe currently renting from individual landlord).
**Step 3:** Ask for utility and any other reputable third-pai statements that may show a positive payment history over the past 12 months.
**Step 4:** As a last resort, you may want to consider ask the applicant if he or she knows someone (with a goo credit rating) that would be willing to co-sign and guarantee the lease.

## PUBLIC RECORDS
NONE

This information is obtained from county, state and federal courts and includes bankruptcies, civil judgments and tax l The most important part of this section is whether or not tl are any civil judgments on file. Bankruptcy information and liens are important, but not nearly as important as knowing the applicant was successfully sued in a court of law by a previous landlord, individual or creditor. Civil judgments are common attribute of eviction cases. If you see evidence of possible eviction, a separate eviction search for civil filings recommended.

### *How long do public records remain on file?*
- Bankruptcy Chapters 7 and 11 stay on for 10 years (7 ye

Exhibit B

**From:** Kim Ripa
**Sent:** Tuesday, March 19, 2019 12:34 AM
**To:** Adam ICE
**Subject:** Fwd: March Payment Tracker / Move out date

What is she referring to??

Sent from my iPhone

Begin forwarded message:

> **From:** Regina Perfetti <gina281035@gmail.com>
> **Date:** March 18, 2019 at 6:03:58 PM PDT
> **To:** Kim Ripa <Kripa0722@gmail.com>
> **Subject: Re: March Payment Tracker / Move out date**
>
> You should know people talk and you know ive been moved out for almost 3 weeks now..i would appreciate if you would stop talking to people about private business matters. It is being documented. Thank you
>
> On Thu, Mar 14, 2019, 9:04 PM Kim Ripa <kripa0722@gmail.com> wrote:
>> Can you not bring them to us tomorrow?
>>
>> Sent from my iPhone
>>
>> On Mar 14, 2019, at 8:48 PM, Regina Perfetti <gina281035@gmail.com> wrote:
>>
>>> Ill put them in the mail to you
>>>
>>> On Thu, Mar 14, 2019, 8:24 PM Kim Ripa <kripa0722@gmail.com> wrote:
>>>> Just txted you, mailbox keys stay at the condo. They do NOT go to the post office
>>>>
>>>> Sent from my iPhone
>>>>
>>>> On Mar 14, 2019, at 7:51 PM, Regina Perfetti <gina281035@gmail.com> wrote:
>>>>
>>>>> Keys on the counter. Missing one key. Mailbox keys will be turned in at post office. Doors locked. All done. Possession belongs to you. Didnt have a chance to vaccuum or sweep. Thanks.
>>>>>
>>>>> On Wed, Mar 13, 2019, 6:58 PM Regina Perfetti <gina281035@gmail.com> wrote:
>>>>>> Ok

Exhibit C

**From:** Regina Perfetti
**Sent:** Wednesday, April 17, 2019 10:43 AM
**To:** Adam Ripa
**Subject:** Re: New Address

The stay relief that was granted was for POSSESSION only. Once a case is converted any new debt incurred is considered as if it occurred pre-petiton not to mention the fact the lease was REJECTED and I vacated the premises but its not my job to explain this to you. Ive told you BEFORE to see 11 U.S.C section 348(d). There is no notice required to voluntarirly convert a case. With that being said, I will ask you for the last time to stop contacting me,otherwise, I will be forced to file a motion for violating federal law. Please leave me alone

On Wed, Apr 17, 2019, 10:04 AM Adam Ripa <agr117@hotmail.com> wrote:

> Regina,
>
> If that is the case that the Pre and Post-petition rents are discharged I'm sure you have some documentation that shows that fact. Please provide this documentation and we won't pursue it.
>
> Thank you,
>
> Adam
>
> Sent from Mail for Windows 10
>
> **From:** Regina Perfetti <gina281035@gmail.com>
> **Sent:** Saturday, April 13, 2019 12:10:45 PM
> **To:** Adam Ripa
> **Subject:** Re: New Address
>
> There is nothing to contact me about. The rent is discharged and if you continue to pursue it, i will have to file a motion for contempt again. I am no longer in NJ so please cease and desist from contacting me I am still in an active bankruptcy
>
> On Sat, Apr 13, 2019, 12:03 PM Adam Ripa <agr117@hotmail.com> wrote:
>> For anything we need to contact you about.
>> For example, you still owe us a bit over 6k in post petition rent.
>>
>> Adam
>>
>> On Apr 12, 2019, at 5:54 PM, Regina Perfetti <gina281035@gmail.com> wrote:

For?

On Fri, Apr 12, 2019, 11:43 AM Adam Ripa <agr117@hotmail.com> wrote:

Hello Regina,

Could you please provide us with your new address?

Adam