FILED
JEANNE A. NAUGHTON, CLERK
FEB 25 2020
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| In Re: Regina Perfetti, Debtor. | Case No.: 18-30798-ABA |
|---|---|
| | Adv. No.: 19-1182-ABA |
| Adam Ripa and Kim Ripa, Plaintiffs v. Regina Perfetti, Defendant. | Chapter: 7 |
| | Judge: Andrew B. Altenburg, Jr. |

## MEMORANDUM DECISION

Before the court is defendant Regina Perfetti's latest Motion for me to reconsider my order denying her Third Motion to Dismiss Adversary Proceeding (Doc. No. 58), Ms. Perfetti's Fourth Motion to Dismiss the Adversary Proceeding (Doc. No. 61), the Ripas' Responses to both (Doc. Nos. 63, 67), Ms. Perfetti's Response to the Ripas' Response to her Motion to Reconsider (Doc. No. 70), the Ripas' allegation that Ms. Perfetti failed to serve them with her Third Motion to Dismiss and her Motion to Strike Issuance of Amended Alias Summons (Doc. No. 57), and Ms. Perfetti's Response to that allegation (Doc. No. 63).

For the reasons that follow, the court will deny Ms. Perfetti's Motion to Reconsider and Motion to Dismiss.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY/ FINDINGS OF FACT

Pursuant to Fed. R. Bankr. P. 7052, the court issues the following findings of fact and conclusions of law.

The Ripas filed an adversary proceeding and the Clerk's Office issued a Summons on April 22, 2019. Doc. Nos. 1, 2 (the "First Summons"). Ms. Perfetti then filed a Motion to Dismiss, arguing that the complaint was "so vague and ambiguous that Defendant cannot reasonably prepare a proper response as Plaintiff is in fact attempt use [sic] (un-numbered paragraphs) supposed events that are irrelevant to the complaint," and that the Ripas failed to properly serve her. Doc. No. 4-1 (the "First Motion to Dismiss"). Regarding the service issue, the Ripas responded that Ms. Perfetti had refused to give them her new address. Doc. No. 5. In a response filed to the Ripas' response, Ms. Perfetti repeated that service was deficient and then argued that in their complaint the Ripas had not pled reliance on the alleged misrepresentation, for example "running their own credit report to verify and to follow the direction in the credit report provided, as not all screening companies are alike, nor are they all accurate, and, thus, perform due diligence. . . ." Doc. No. 10. Though the court found the complaint quite clear, it ordered the Ripas to file and serve an amended complaint together, with numbered paragraphs, with a new summons. Doc. No. 12.

The Ripas filed an Amended Complaint on July 8, 2019, Doc. No. 14, and a new summons was issued by the Clerk's Office that same day. Doc. No. 15 (the "Second Summons"). Ms. Perfetti filed a Motion to Dismiss on July 22, 2019, arguing that the Amended Complaint failed to state a cause of action and that it failed to allege fraud with particularity. Doc. No. 17 (the "Second Motion to Dismiss"). She also alleged that she also sought dismissal "for improper service of summons and complaint" but did not explain how service was deficient. Doc. No. 17-1, p. 1. On August 14, 2019, the court denied this Second Motion to Dismiss, stating that it was "at a loss here to ascertain how Ms. Perfetti cannot understand the Ripas' complaint against her." Doc. No. 21, p. 3. Regarding the failure to properly serve, the court stated: "Ms. Perfetti also contends that the Ripas did not serve her properly, but did not explain how, therefore the court will not consider that allegation." *Id.*, p. 2. *At that time then, the adversary proceeding could have promptly progressed to discovery and mediation and/or trial in due course.*

Instead, on August 21, 2019, Ms. Perfetti filed her first Motion to Reconsider ("First Motion to Reconsider"). Doc. No. 25. She denied filing the Second Motion to Dismiss in bad faith, and submitted a copy of the summons that she received with the Amended Complaint that showed that rather than serve her with the summons issued by the court, the Ripas apparently filled out a summons form themselves and served it, without the signature of the Clerk of the Bankruptcy Court. *See* Doc. No. 25-8. The court denied the Motion to Reconsider *despite that this fact was not newly discovered by Ms. Perfetti*, as required in a motion for reconsideration, *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999), and the court ordered the Ripas to obtain a new court-issued summons from the Clerk's Office and serve it upon Ms. Perfetti. Doc. No. 32.

The Ripas had a new alias summons (the "Third Summons") issued on October 16, 2019 and served it and the Amended Complaint on Ms. Perfetti. Doc. No. 39 (Certificate of Service). Unfortunately, this summons, *prepared by the Clerk's Office*, incorrectly captioned the proceeding

as "*Adam Ripa v. Kim Ripa.*" Doc. No. 36. On November 7, 2019, Ms. Perfetti filed another Motion to Dismiss on this basis. Doc. No. 40 (the "Third Motion to Dismiss"). On November 8, 2019, the Clerk's Office re-issued the Alias Summons with the parties corrected, citing "Clerk's Office Error," Doc. No. 42, prompting Ms. Perfetti to file a Motion to Strike Issuance of this Alias Summons on November 12, 2019. Doc. No. 44. On December 11, 2019, the court issued a Memorandum Decision and Order denying the Third Motion to Dismiss and the Motion to Strike Issuance of this Alias Summons. Doc. Nos. 51, 52.

That brings the court to the latest motions and responses. On December 23, 2019, the court received a letter from Mr. Ripa alleging that he and Mrs. Ripa never received from Ms. Perfetti the Third Motion to Dismiss, the Motion to Strike Issuance of this Alias Summons, or the Notices of Hearing for either. Doc. No. 57. Ms. Perfetti had filed Certificates of Service for all of these documents. *See* Doc. Nos. 47-50.

On December 26, 2019, Ms. Perfetti filed a Motion to Reconsider the court's denial of her Third Motion to Dismiss. Doc. No. 58 (the "Second Motion to Reconsider). On December 30, 2019, she filed a Motion to Dismiss. Doc. No. 61 (the "Fourth Motion to Dismiss"). On December 30, 2019, she filed a response to the Ripas' allegation that she did not serve the Third Motion to Dismiss, the Motion to Strike Issuance of this Alias Summons, or the Notices of Hearing. Doc. No. 63.

On January 6, 2020, Mr. Ripa filed a Response to the Second Motion to Reconsider and the Fourth Motion to Dismiss. Doc. No. 67.[1] Ms. Perfetti filed a Response to that Response on January 8, 2020. Doc. No. 70.

Both parties contacted the court *ex parte* to express a preference that the court rule on the papers. The court denied this request and ultimately set a hearing for February 4, 2020 at 10:00 a.m. At that hearing, the court expressed its frustration with the excessive motion practice and the failures to properly serve by the parties. It asked the parties to consider mediation of their dispute at no expense. While Mr. Ripa agreed to this, Ms. Perfetti asked for some days to think it over. By February 7, 2020, Ms. Perfetti contacted the court to decline the mediation offer, asking instead that the court consider her motions. The matter is now ripe for determination.

## DISCUSSION

In making these findings, the court has considered the arguments of the parties, the credibility and the plausibility of their testimony, and the totality of the evidentiary record.

### I: Motion to Reconsider Third Motion to Dismiss

Ms. Perfetti has been apprised of the standard applied to a motion for reconsideration, that is: "'(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Scotto-*

---

[1] Though the Clerk's Office docketed this as a response only to the Motion to Reconsider, the Response addressed both motions.

*DiClemente*, 463 B.R. [308,] 310 [(Bankr. D.N.J. 2012)] (citing *Walzer v. Muriel Siebert & Co., Inc.*, 2010 WL 4366197, at *8, 2010 U.S. Dist. LEXIS 115245, at *24 (D.N.J. 2010) (citing *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)))." Doc. No. 31, p. 2. Despite that, in this latest motion, Ms. Perfetti did not suggest that there was any change in controlling law but mentions facts previously unsubmitted to the court and complains that the court committed clear error in denying her Third Motion to Dismiss. *See* Doc. Nos. 52, 53). None of these "new" facts were previously unavailable. Most of the motion concerns previously *available* facts about service of the First Summons, an issue not relevant to denial of the Third Motion to Dismiss for failure to serve the Third Summons.

Ms. Perfetti also argues that Federal Rule of Civil Procedure 4(m) mandates dismissal if a defendant is not served within 90 days after the complaint is filed, and alleges that this court stated "to the contrary." Doc. No. 58-1, ¶ 6. However, the court actually stated in its Memorandum Decision the following:

> [W]hen a plaintiff fails to serve a defendant within 90 days after the complaint is filed, instead of dismissing the action, the court must extend the period for service on motion of the plaintiff if the plaintiff shows good cause for the failure, *or may extend the period for service on its own discretion*. Fed. R. Civ. P. 4(m); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

Doc. No. 51, p. 9 (emphasis supplied). Thus, the court did not commit clear error in failing to dismiss the complaint but instead applied its discretion to give the Ripas another opportunity to effect service.

Ms. Perfetti further argues that the Ripas should have attempted to serve the Amended Alias Summons despite the pendency of her motion to strike that summons that she claims she served on them. Doc. No. 58-1, ¶ 12. Though certainly the Ripas could have so done, betting that the court would not grant Ms. Perfetti's motion, the court does not read their lack of doing so as a "flagrant disregard of Rule 4," *id.*, as Ms. Perfetti suggests.

Ms. Perfetti on reconsideration now states that she has been prejudiced by the delay in this proceeding because she lost "some very crucial evidence [that] disappeared from [her] phone due to the phone deleting (on its own) various text messages that [she] could have used for evidence[.]" Doc. No. 58-1, ¶ 13. First, any prejudice should have been raised in the Motion to Dismiss and is inappropriately raised in reconsideration. Second, though the court is sympathetic to the vagaries of cell phone storage, the preservation of evidence is the responsibility of the litigant in control of that evidence. *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) ("[O]bligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation—most commonly when suit has already been filed, . . . as for example when a party should have known that the evidence may be relevant to future litigation."); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 373 (S.D.N.Y. 2006) ("Certainly, the presumption is that the party possessing information must bear the expense of preserving it for litigation."); *Wm. T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984) ("While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the

discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.").

That Ms. Perfetti may have gambled that no trial would ever be held due to her persistent Motions to Dismiss is no excuse for not preserving evidence she felt she might need at trial (or that the Ripas might from her in discovery)—the court understands that she proceeds as a self-represented litigant, but certainly she did not expect to enter her cell phone into evidence, thus she should have copied the messages into a form that she could offer into evidence. *See United States v. Browne*, 834 F.3d 403, 412 (3d Cir. 2016) (regarding authentication of social media evidence). The internet is replete with instructions on how to do this. *See also Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 338 (D.N.J. 2004) ("Samsung knew it had a duty to preserve potentially discoverable evidence. Samsung knew that e-mails were potentially relevant to this litigation. Indeed, Samsung itself asked for e-mails in its discovery requests. Samsung also knew how to [prevent deletion of the email], having done so in one of its divisions in another litigation beginning in 2002."). Nevertheless, Ms. Perfetti might also be able to obtain copies of those text messages from the recipients or from her cell phone provider itself through discovery in this proceeding.

Accordingly, the court will deny the Second Motion for Reconsideration.

### A. Service Issues

As related above, by letter sent to this court, Mr. Ripa complained that he and Mrs. Ripa never received service of Ms. Perfetti's Motion to Dismiss Adversary Proceeding or Motion to Strike Issuance of Amended Alias Summons, or the notices of hearings for either. Doc. No. 57. Mr. Ripa then asked that the court ensure that he and Mrs. Ripa are properly served by Ms. Perfetti. *Id.* Ms. Perfetti filed Certificates of Service stating that she served the Ripas with both Motions, *see* Doc. Nos. 47, 48, and the Notices of Hearing for each. *See* Doc. Nos. 49, 50. Notably, there is no indication that Mr. Ripa served his December 19 letter on Ms. Perfetti.

The court will not attempt to determine which party is lying[2] since, the court having denied the two motions, there is no prejudice to the Ripas in not having the opportunity to respond.

The court does not condone lack of service by either party, whether, if true, by Ms. Perfetti not serving the Ripas, or the Ripas not serving their letter on Ms. Ripa. No party should communicate with the court, including filing documents or sending letters or email messages, without the other party's knowledge. *Hartzell v. Miami Cty. Incarceration Facility*, 3:17-CV-63, 2017 WL 2590199, at *2 (S.D. Ohio June 15, 2017) ("Parties are not permitted to have *ex-parte* communications with the Court. This means that you cannot communicate with the Court about the merits of your case, orally or in writing, without the other party's participation.").

---

[2] Ms. Perfetti stated in her Response that she mailed the motions "together in one big envelope." Doc. No. 63. But she earlier certified that she served the Motion to Dismiss on November 12, 2019 and the Motion to Strike on November 18, 2019. *See* Doc. Nos. 47, 48. Either she lied or she did not mean that she sent both motions together.

Regarding Mr. Ripa's request that the court ensure service by Ms. Perfetti, the Ripas should understand by now that the court is not responsible for serving a party's filings on the other party. If the Ripas believe that Ms. Perfetti did not properly serve them, instead of a letter to the court they should have filed the appropriate motion, with service on Ms. Perfetti to allow her to respond.

## II. Fourth Motion to Dismiss

Ms. Perfetti seeks dismissal for lack of personal jurisdiction, alleging that the plaintiffs failed to properly serve her because they did not serve her within seven days as required by Federal Rule of Bankruptcy Procedure 7004(e). That rule provides that when service is made under Federal Rule of Civil Procedure "4(e), (g), (h)(1), (i) or (j)(2)", it "shall be by delivery of the summons and complaint within 7 days after the summons is issued." Fed. R. Bankr. P. 7004(e).

The Ripas served Ms. Perfetti by mail as permitted by Federal Rule of Bankruptcy Procedure 7004(b)(9). That rule states that service may be made "[u]pon the debtor . . . by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." Fed. R. Bankr. P. 7004(b)(9). However, the summons was issued on December 11, 2019 and not served until December 19, 2019. Doc. No. 56.

As stated in the court's previous Memorandum, the primary purpose of a summons is to alert a defendant that a lawsuit has been filed against him or her. *Hanna v. Plumer*, 380 U.S. 460, 463 n.1 (1965) (purpose of service of process rules is to ensure that defendants receive actual notice of claims); *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 474 (D.N.J. 1998) ("The purpose of the rules governing service of process is to insure that parties receive actual notice of claims against them."). *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940 (10th Cir. 1992):

> Personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. *See Hagmeyer v. United States Dep't of Treasury*, 647 F. Supp. 1300, 1303 (D.D.C. 1986) (citing 4 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1063). Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L.Ed.2d 415 (1987) (citing *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S. Ct. 242, 246, 90 L. Ed. 185 (1946)).

*Id.*, at 943.

There is no question that Ms. Perfetti has received actual notice of the action against her. She even filed her First Motion to Dismiss before being served with a summons or the complaint. However, she has not experienced the ritual marking the court's assertion of jurisdiction over her. The court has previously explained why it has given the Ripas additional chances to properly serve Ms. Perfetti, *see* Doc. No. 51, and will not repeat that reasoning here. But again, as set forth in

prior memorandums, when a plaintiff fails to serve a defendant within 90 days after the complaint is filed, instead of dismissing the action, the court must extend the period for service on motion of the plaintiff if the plaintiff shows good cause for the failure, *or may extend the period for service on its own discretion.* Fed. R. Civ. P. 4(m) (emphasis supplied); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). *See In re Tier 1 JEG Telecommunications Cases*, 3:09-CV-00055, 2011 WL 13151969, at *2 (S.D. Iowa Sept. 28, 2011) (stating that the error there "was more than purely technical, but Rule 4(a)(2) is not limited to the correction of purely technical or trivial misnomers."). In other words, the grant of an extension is mandatory where a plaintiff shows good cause but otherwise discretionary with the court when good cause is lacking. *Petrucelli*, 46 F.3d at 1305 ("Thus, the logical inference that can be drawn from these two clauses is that the district court may, in its discretion, extend time even absent a finding of good cause.").

District Courts in New Jersey consider the following factors in determining whether a discretionary extension is appropriate in the absence of good cause:

> whether the statute of limitations forecloses re-filing of the complaint; the conduct of the defendant, in particular whether the defendant attempted to evade service; the conduct of the plaintiff, specifically whether the plaintiff is represented by counsel; and other equitable reasons for granting relief.

*Miles v. City of Newark*, 15-1032 (KSH) (CLW), 2016 WL 4923504, at *3 (D.N.J. Sept. 14, 2016). *See also* Advisory Committee Note to Rule 4(m) ("[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.").

The court does not find good cause here. As Ms. Perfetti points out, even as pro se parties, the Ripas should be familiar with the Rules by now. *See Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (stating of creditor's counsel "Failure to read a rule is the antithesis of good cause."). Mr. Ripa explained that he received the summons in the mail on December 14, left for a work trip abroad, and mailed the summons to Ms. Perfetti on his "first day off which was" December 19, 2019. Doc. No. 67. Since the summons was issued December 11, 2019, it was not served within seven days of its issuance. But Mr. Ripa does not explain why he did not put the summons in the mail before leaving the country or why Mrs. Ripa did not mail it while he was away. Accordingly, the court will not extend the period for service for good cause. *See In re Flaherty*, 432 B.R. 742, 752 (Bankr. N.D. Ill. 2010) ("Inadvertent failure to serve process within the time permitted does not constitute good cause.").

However, the court yet may extend the period for service on its own discretion. *Petrucelli*, 46 F.3d at 1306 ("If the district court determines that good cause does not exist, only then may it consider whether the running of the statute of limitations would warrant granting an extension of time."). Considering the various factors listed above, this court notes that dismissal of the adversary proceeding for lack of personal service would terribly prejudice the Ripas as they would not be able to re-file the proceeding as the deadline to do so has passed. *See In re Watt*, 18-16622-MKN, 2019 WL 5777654, at *3 (Bankr. D. Nev. Oct. 10, 2019) ("Denying this Motion on procedural grounds will also result in a final disposition on procedural grounds of Plaintiff's claim

under Section 523(a)(2), as the time to file such a complaint expired on February 19, 2019.") (footnote omitted).

The court also notes that neither the Ripas nor Ms. Perfetti is represented by counsel, supporting that the court can be more lenient than it would with experienced counsel. As noted above, had the court not shown lenience to Ms. Perfetti in entertaining her First Motion to Reconsider, the proceeding would have moved to discovery and mediation and/or trial after the court denied her Second Motion to Dismiss on July 22, 2019. Thus, it will not countenance Ms. Perfetti's claim of prejudice due to the passage of time. The allegations of the Amended Complaint are plain, and through Ms. Perfetti's multiple Motions to Dismiss and/or Motions to Reconsider alleging failure to state a claim, she has demonstrated that she understands the Ripas' complaint against her. Moreover, the court is mindful of the Third Circuit's preference to hear matters on the merits. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). *See In re Watt*, 18-16622-MKN, 2019 WL 5777654, at *3 (Bankr. D. Nev. Oct. 10, 2019) ("However, decisions on the merits are favored over dispositions based on procedural grounds."). *See also In re Barr*, 217 B.R. 626 (Bankr. W.D. Wash. 1998) (extending deadline for service, despite absence of "good cause," where no allegation that creditor was not acting in good faith, was engaged in abuse or unduly dilatory tactics; errors of creditor's counsel in failing to properly effectuate service were clearly technical and easily rectifiable; debtor and his counsel were admittedly aware of filed action and were not prejudiced by creditor's delay in effecting service; and deadline for filing nondischargeability complaints had since expired, such that any dismissal would in effect be with prejudice to creditor's ability to refile); *In re Menges*, 337 B.R. 191, 194 (Bankr. N.D. Ill. 2006) (finding no good cause to extend the deadline where counsel merely unfamiliar with the Bankruptcy Rule, but using its discretion to extend time anyway, noting that "First, Louis has shown no prejudice from the delay in service, no harm to his ability to defend the adversary. Second, it appears Louis and his counsel had actual notice of the adversary shortly after it was filed. And third, a dismissal without prejudice (which is all Rule 4(m) authorizes) would have the effect, at least in part, of a dismissal *with* prejudice: because the bankruptcy court has exclusive jurisdiction over a section 523(a)(15) claim, . . . and because . . . Christine will lose her section 523(a)(15) claim altogether if the adversary is dismissed.") (footnote omitted).

The court has already addressed Ms. Perfetti's alleged prejudice regarding loss of evidence and has rejected it.

The court notes that while the Federal Rules of Civil Procedure set the time for a defendant to answer a complaint from the date of service, the Federal Rules of Bankruptcy Procedure set it from the date of the issuance of the summons. *Compare* Fed. R. Civ. P. 12(a)(1)(A)(i) (21 days after service) *with* Fed. R. Bankr. P. 7012(a) (30 days from date of issuance). Thus, the time for Ms. Perfetti to answer the complaint was shortened by the late service. The court hardly finds that prejudicial, since Ms. Perfetti is exceedingly familiar with the allegations of the Ripas by now. *In re 701 Mariposa Project, LLC*, 514 B.R. 10, 18 (B.A.P. 9th Cir. 2014) ("being denied a quick victory' and instead having to defend the merits of a claim typically constitutes little or no prejudice.").

But though this court would have liked to cure the service issue by extending Ms. Perfetti's time to answer the complaint, some courts have held that service of a stale summons is no service.

*See, e.g., In re S. Design Grp., Inc.*, 16-51628 MPP, 2018 WL 7016625, at *1 (Bankr. E.D. Tenn. May 24, 2018) (citing *Menges*); *In re Cutuli*, 389 F. Supp. 3d 1051, 1056 (M.D. Fla. 2019) (quoting *Menges*); *In re Menges*, 337 B.R. 191, 194 (Bankr. N.D. Ill. 2006); *In re Dohring*, 245 B.R. 262, 263 (Bankr. N.D. Tex. 2000) (service of expired summons is a nullity). *See also* Advisory Committee Notes to 2014 Amendment of Fed. R. Bankr. P. 7004 ("If service of the summons within any seven-day period is impracticable, a court retains the discretion to enlarge that period of time under Rule 9006(b)."). Since service otherwise complied with Rule 7004, Ms. Perfetti could have merely asked for an extension of time to answer the complaint rather than to dismiss, which would have allowed the matter to proceed on the merits. *See In re Pasley*, 596 B.R. 577, 583 (Bankr. W.D. Ky. 2019) (finding no bad faith where pro se plaintiff served summons three days late, commenting that instead of seeking to quash service, the defendants could have simply moved to extend the time to answer).

But having sought to dismiss, the court will deny Ms. Perfetti's motion and direct the Ripas to once more attempt to properly effect service. The court having already ruled that the Amended Complaint states a claim and alleged fraud with particularity, it expects that this proceeding will then proceed to discovery and trial and hopefully, no more motions to dismiss.

## CONCLUSION

Accordingly, Ms. Perfetti's Motion to Reconsider and her Motion to Dismiss are denied.

An appropriate order has been entered consistent with this decision.

The court reserves the right to revise its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: February 25, 2020