UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| In Re:<br><br>Regina Perfetti,<br><br>Debtor. | Case No.: 18-30798-ABA<br><br>Adv. No.: 19-1182-ABA |
| Adam Ripa and Kim Ripa, Plaintiffs<br><br>v.<br><br>Regina Perfetti, Defendant. | Chapter: 7<br><br>Judge: Andrew B. Altenburg, Jr. |

## MEMORANDUM DECISION

Before the court is defendant Regina Perfetti's Fifth Motion to Dismiss Adversary Proceeding and the Response of Adam and Kim Ripa. Doc. Nos. 93, 95.

For the reasons that follow, the court will deny Ms. Perfetti's Motion to Dismiss.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY/ FINDINGS OF FACT

Pursuant to Fed. R. Bankr. P. 7052, the court issues the following findings of fact and conclusions of law.

The history of the Ripas' attempts to serve the summons and complaint is as follows:

(1) The Ripas filed a complaint and the court issued a summons. Doc. Nos. 1, 2. The Ripas served neither on Ms. Perfetti.

(2) The Ripas filed an Amended Complaint and the court issued a new summons. Doc. Nos. 14, 15. Instead of serving the court-issued summons, the Ripas filled out a summons form on their own and served that with the complaint.

(3) The court issued an Alias Summons, which the Ripas served correctly with the Amended Complaint, but the court-issued summons incorrectly captioned the proceeding (i.e., the caption was clerk's office error). Doc. Nos. 36, 39.

(4) The court issued an Amended Alias Summons with corrected party names. Doc. No. 53. The Ripas served it with the amended complaint but not within seven days of the summons's issuance. Doc. No. 56.

(5) The court issued an Alias Summons (the "March 2 Summons"), and the Ripas correctly served it on March 5, 2020 with the Amended Complaint. Doc. Nos. 83, 87.

(6) On March 9, 2020, the court issued an Amended Alias Summons (the "March 9 Summons"), changing the pretrial hearing date from April 21, 2020 to April 21, 2020. Doc. No. 86. It that same day amended the docket entry for the Alias Summons that the Ripas had served on March 5 to include the statement "PLEASE DISREGARD, ALIAS SUMMONS CONTAINS INCORRECT HEARING DATE, SEE DOCUMENT #86 FOR CORRECTION." Doc. No. 83. Later that day, it received and docketed the Ripas' Certificate of Service for the March 5 service of the Alias Summons. Doc. No. 87. The Ripas timely served the Amended Alias Summons, but without the amended complaint. Doc. No. 88; *see* Fed. R. Civ. P. 4(c)(1).

As for Ms. Perfetti, her history of seeking dismissal of the complaint is as follows:

(1) In her first motion to dismiss, she argued that the complaint was so "vague and ambiguous" that she could not possibly respond properly. Doc. No. 4. She also complained that the allegations in the complaint were not numbered and that the plaintiffs failed to serve her with the complaint (she did not mention the summons). *Id.*

(2) In her second motion to dismiss, Ms. Perfetti argued that the Amended Complaint failed to state a cause of action, to allege fraud with particularity, to allege the time and manner of the discovery of any fraud (but the complaint was not untimely), and again she was improperly served with the summons and complaint (without explaining what was improper). Doc. No. 17.

(3) In a Motion to Reconsider, Ms. Perfetti now advised that the Ripas had not used the court-issued summons (not a newly-discovered fact). Doc. No. 25.

(4) In her Third Motion to Dismiss, Ms. Perfetti objected that the summons, prepared by the clerk's office, incorrectly captioned the proceeding. Doc. No. 36.

(5) After the clerk's office re-issued the summons with the correct parties, Ms. Perfetti filed a Motion to Strike Issuance of this Alias Summons, arguing that it was the plaintiffs' responsibility to fill out the summons. Doc. No. 44.

(6) In a Motion to Reconsider the denial of her Third Motion to Dismiss, Ms. Perfetti argued that she did not refuse to give the Ripas her address (an issue connected to service of the original summons and complaint) and that the court erred in not dismissing the complaint under Rule 4(m), as its language is mandatory (the Rule allows court discretion).

(7) In her fourth Motion to Dismiss, Ms. Perfetti correctly complained that the Ripas did not serve her within seven days of the issuance of the summons.

In each instance, in an exercise of caution considering the pro se status of the litigants(though Ms. Perfetti benefits from working in a bankruptcy attorney's office where she serves papers on the attorney's behalf), the court considered all the arguments that Ms. Perfetti raised and dismissed them. But it also, in that same exercise of caution, required the Ripas to re-serve the summons and complaint, despite Ms. Perfetti's actual notice of the lawsuit.

## DISCUSSION

The court now considers Ms. Perfetti's fifth motion to dismiss. Twice the court has thought the matter ready to proceed to discovery (which likely would be minimal) and trial, when Ms. Perfetti found yet another basis on which to seek dismissal. But while the court is frustrated that this adversary proceeding has not been heard on the merits yet, it cannot wholly blame Ms. Perfetti. The Ripas initially did not even serve the summons and complaint. Then they served a summons prepared by themselves. The court excused first failure because the Ripas did not have Ms. Perfetti's address. It chalked the second up to ignorance. The Ripas' third attempt was executed correctly, but for the court's error in captioning the summonses. They did stumble on the fourth attempt, in fact, an unforced error: Mr. Ripa did not timely serve the summons because he was away on a business trip. However, the Ripas gave no explanation for why Mrs. Ripa could not have deposited the summons and amended complaint in the mail during his absence.

The court also shares blame for this proceeding still being mired in motion practice. By exercising extreme caution in light of both parties being unrepresented, the court gave great latitude in considering Ms. Perfetti's motions. For example, the court entertained Ms. Perfetti's argument that the complaint failed to state a claim even though the allegation that she committed fraud by giving the Ripas a credit report that did not reflect her financial circumstances is clear. In her first Motion to Reconsider, Ms. Perfetti introduced evidence that was formerly available, but the court discussed the argument anyway.

In the court's last denial of a Perfetti Motion to Dismiss, after noting that the Ripas had not shown good cause to extend the time for service, *see* Fed. R. Civ. P. 4(m) (within 90 days after the filing of the complaint), the court on its own discretion gave the Ripas another chance, noting the prejudice that would inure to them as the deadline for filing a nondischargeability complaint had passed, the lack of prejudice to Ms. Perfetti, and the leniency extended to pro se filers. *See* Doc.

No. 79. The court also highlighted that the complaint set forth a straight-forward allegation despite Ms. Perfetti's arguments that the complaint was not clear, such that any alleged prejudice to Ms. Perfetti from the delay was attributable to Ms. Perfetti. (Of course, now, trial will be delayed due to the covid-19 pandemic—nobody's fault.) Further, the court pointed out that Ms. Perfetti could have resolved the issue by requesting an extension of time to answer the complaint (to make up for it not being served with seven days) rather than seeking dismissal yet again. The court thought then that finally the proceeding would move to discovery and trial. That decision was issued February 25, 2020.

But when Ms. Perfetti answered the complaint on April 1, 2020, she raised the lack of personal jurisdiction yet again. *See* Doc. No. 89; Fed. R. Civ. P. 12(b) (defenses to a claim for relief must be asserted in the responsive pleading but may also be asserted by motion). She followed up with the Motion to Dismiss, filed May 27, 2020, now before the court. She bears the burden to prove the insufficiency of process. *In re Hechinger Inv. Co. of Delaware, Inc.*, 287 B.R. 620, 623 (Bankr. D. Del. 2002).

With the present motion, the court is done bending over backwards. Ms. Perfetti was properly served on March 5 with the March 2 Summons and the Amended Complaint. The March 9 summons only changed the date of the pretrial hearing. This is a technical change that is not jurisdictional. It did not make the March 2 summons defective, nor did it in any way negate the actual notice that the Ripas were suing Ms. Perfetti that she received by service of the March 2 Summons and Amended Complaint (not to mention any of the prior services of the summonses and complaints). *See Payne v. Orange Cty. Sheriff*, 1:09-CV-322, 2009 WL 10677707, at *2 (E.D. Tex. July 30, 2009) (stating that "it has long been held by the Circuit Court that simple technical errors which do not affect the substantial rights of the parties do not require dismissal of the case or the plaintiff to reserve the defendant."); *Vega Matta v. Alvarez de Choudens*, 440 F. Supp. 246, 248–49 (D.P.R. 1977), *aff'd,* 577 F.2d 722 (1st Cir. 1978) (holding that omission of the names of some of the defendants in the caption "did not constitute a jurisdictional impairment" and "[a]ccordingly, the purpose of service of process was fulfilled. . . ."); *In re Negley*, 1-07-BK-03113MDF, 2008 WL 5158573, at *2 (Bankr. M.D. Pa. Aug. 15, 2008) (calling failure of summons to include a deadline to file a response a "minor technical defect" "insufficient to warrant dismissal without a showing of prejudice") (internal quotation omitted). The court is particularly persuaded by the reasoning in *Coulter v. U.S. Dep't of Homeland Sec.*, CIVA 07-4894 (JAG), 2008 WL 4416454 (D.N.J. Sept. 24, 2008), as it balances the need to compliance with the service rule with common sense about fulfilling the purpose of the rule:

> Plaintiff's service of process is flawed in two minor respects: (1) she sent the Complaint to the TSA via overnight mail, as opposed to registered or certified mail; and (2) she failed to send a copy of the Summons together with the Complaint to the TSA.
>
> Plaintiff's insignificant procedural errors hardly warrant dismissal of this action. The TSA received the courtesy copy of the Complaint via overnight mail. Plaintiff's failure to comply with the literal requirements of Rule 4 is mitigated by the TSA's receipt of actual notice of this action. While Rule 4 is aimed at providing notice to the defendants, actual notice does not exempt a plaintiff from following the

strictures of the rule. *Ignition Media Group, LLC v. Pantel Svs., Inc.*, No. 07–0439, 2007 WL 2728662, at *1 n. 2 (E.D. Pa. Sept.14, 2007). However, "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 56 (3d Cir.1986); *see also Overseas Food Trading, Ltd. v. Agro Aceitunera, S.A.*, 2007 WL 77337, at *3 (D.N.J.2007) ("Although actual notice is not dispositive of a challenge to the sufficiency of service of process, it is certainly a factor that weighs in favor of denying Defendant's motion."). It would be superfluous, in this instance, to require Plaintiff to send a copy of the Summons and Complaint to the TSA by certified or registered mail, after having already successfully sent the Complaint to the TSA by overnight mail.

*Coulter v. U.S. Dep't of Homeland Sec.*, 2008 WL 4416454, at *4. Similarly here, it would be superfluous to require the Ripas to serve another copy of the Amended Complaint that Ms. Perfetti has received several times over, just because *the court* changed the date of the pretrial hearing.

Changing a hearing date could not create confusion as to who was suing her or why. Ms. Perfetti does not so claim, and the court cannot fathom a reason. *See Wells v. Rockefeller*, 728 F.2d 209, 213 (3d Cir. 1984) (holding that summons that recited that response was due in three days rather than thirty days resulted in no prejudice as the defendant did not raise the error until a district judge mentioned it, and thus the error did not deprive the court of jurisdiction); *Donaghy v. Roudebush*, 614 F. Supp. 585, 587 (D.N.J. 1985) (finding that "[t]he necessary persons within the Government had actual notice of the suit and suffered no prejudice from any technical defect in service."). Rather, she relies solely on the technical error of sending a summons without a complaint. That is not enough to rebut personal jurisdiction. *In re Hechinger Inv. Co. of Delaware, Inc.*, 287 B.R. 620, 623 (Bankr. D. Del. 2002) (holding that where summons provided a response date that had already passed and was served more than ten days after being issued immaterial and insufficient to support dismissal of the case for lack of personal jurisdiction where defendant did not allege or present any evidence that it was prejudiced by the "defect"). "Liberally construing this Rule [4(a)(2)] ensures that a defendant does not gain an unfair advantage from technical errors that are not otherwise misleading or prejudicial and have not injured anyone." *Gonzalez v. Robles & Sons, Inc.*, SA-14-CA-733-OLG, 2014 WL 12490000, at *3 (W.D. Tex. Dec. 22, 2014), *report and recommendation adopted,* SA-14-CA-733-OLG, 2015 WL 11570996 (W.D. Tex. Jan. 13, 2015).

Finally, the court changed the pretrial hearing date <u>after</u> the Ripas had correctly served Ms. Perfetti. *See Burke v. City of Boston*, 201 F.3d 426 (1st Cir. 1999) (before court will deny dismissal due to technical error, "there must first be substantial compliance" with service requirements).That the court decided to change the pretrial hearing date cannot negate the earlier completion of personal jurisdiction over Ms. Perfetti. Importantly, the court could have changed the pretrial hearing date by its own notice to the parties, without issuance of a new summons.

This latest attempt by Ms. Perfetti to prevent this matter from being heard on the merits, as it should be, will be denied. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). *See In re Watt*, 18-16622-MKN, 2019 WL 5777654, at *3 (Bankr. D. Nev. Oct. 10, 2019) ("However, decisions on the merits are favored over dispositions based on procedural grounds."); *TCI Group*

*Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial.")

## CONCLUSION

Accordingly, Ms. Perfetti's Motion to Dismiss is denied.

An appropriate order has been entered consistent with this decision.

The court reserves the right to revise its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: July 15, 2020